# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs September 29, 2011

## RICHARD BARROM v. CITY OF MEMPHIS CIVIL SERVICE COMMISSION

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-09-0711-2      Arnold B. Goldin, Chancellor**

———————————

**No. W2011-01248-COA-R3-CV - Filed November 9, 2011**

———————————

The Memphis Police Department terminated the employment of Petitioner Police Officer for conduct unbecoming an officer following a physical altercation with a parking lot attendant. On appeal pursuant to the Uniform Administrative Procedures Act, the chancery court affirmed. On appeal to this Court, Petitioner asserts the trial court erred by refusing to admit additional evidence of disparate treatment in violation of his equal protection rights. We vacate and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in part, Affirmed in part, and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Darrell J. O'Neal, Memphis, Tennessee, for the appellant, Richard Barrom.

Andre B. Mathis, Memphis, Tennessee, for the appellee, City of Memphis Civil Service Commission.

## MEMORANDUM OPINION[1]

———————————

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Petitioner/Appellant Richard Barrom (Mr. Barrom) was employed by Defendant/Appellee Memphis Police Department ("the Department") as a police officer for approximately sixteen years. On November 9, 2001, he was involved in a physical altercation with an attendant of the parking lot across the street from the Criminal Justice Center in Memphis. The attendant apparently had previously engaged in an oral dispute with Mr. Barrom's pregnant wife (Ms. Barrom), who also was a police officer. After being notified of the dispute, Mr. Barrom confronted the parking lot attendant and the physical confrontation ensued. The confrontation occurred before on-lookers and was partially observed by other police officers. Mr. Barrom was on duty but dressed in plain clothes when the incident occurred.

Following an investigation of the matter, an administrative hearing was held on September 9, 2003, and Mr. Barrom's employment with the Department was terminated pursuant to DR-104 for conduct unbecoming a police officer. Mr. Barrom appealed to the Civil Service Commission ("the Commission"), which heard the matter on January 23, 2009. The Commission unanimously sustained the Department's action, and Mr. Barrom filed a petition for writ of certiorari pursuant to Tennessee Code Annotated § 27-9-101, *et seq.*, and § 4-5-322 in the Chancery Court for Shelby County on April 3, 2009. In his petition, Mr. Barrom asserted that the Department's decision to terminate his employment "was excessive in light of the treatment received by other officers for similar conduct or worse."

In February 2010 and January 2011, Mr. Barrom filed motions for leave to present additional evidence in the trial court. In his identical motions, Mr. Barrom asserted that, prior to the hearing before the Commission, he had requested "all evidence on individuals that were similarly situated," and that his attorney had "numerous conversations about similarly situated individuals with the City Attorney and nothing was provided until right before the hearing." Mr. Barron specifically contended that "the Director's son" had been involved in a racially motivated fight at the FedEx forum, had lied to police officers, and had received a DUI. He further asserted that the same person had "changed his name so as not to be discovered by others that had received discipline for similar conduct." Mr. Barrom asserted, "[o]ther officers have committed more egregious acts . . . and have received less or no punishment for their conduct." Mr. Barrom requested a hearing to determine whether the Department had violated his rights to equal protection by disparately applying the disciplinary rules. The trial court denied Mr. Barrom's motion.

The trial court heard the matter on April 7, 2011. By order entered April 21, 2011, the trial court determined that the Commission's decision was supported by substantial and material evidence. The trial court "declined to consider" Mr. Barrom's equal protection argument, and sustained the Commission's decision. Mr. Barrom filed a timely notice of appeal to this Court.

## *Issue Presented*

Mr. Barrom raises one issue for our review:

Whether the trial court erred when it refused to consider or hear the Appellant's constitutional arguments.

## *Standard of Review*

Judicial review of this matter is governed by the Uniform Administrative Procedures Act ("UAPA"). Tennessee Code Annotated § 27-9-114(2000 & Supp. 2011); *City of Memphis v. Civil Serv. Comm'n of Memphis,* 238 SW3d 238, 242 (Tenn. Ct. App. 2007). The UAPA, provides, in pertinent part:

> (g) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court.
> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
> (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.
> (i) No agency decision pursuant to a hearing in a contested case shall be reversed, remanded or modified by the reviewing court unless for errors that affect the merits of such decision.
> (j) The reviewing court shall reduce its findings of fact and conclusions of law to writing and make them parts of the record.

Tenn. Code Ann. § 4–5–322(g)(h)(i)&(j)(2011).

Accordingly, after confirming that the agency has used the correct legal principles, the court must then review the factual findings and determine whether the agency had a reasonably sound basis for making those findings. *City of Memphis*, 238 S.W.3d at 243 (citation omitted). We and the trial court review an agency's findings under the "substantial and material evidence" standard. *Id*. (citation omitted). Substantial and material evidence has been defined as "'such relevant evidence as a reasonable mind might accept to support a rational conclusion'" and which "furnish[es] a reasonably sound basis for the decision under consideration." *Id*. (quoting *City of Memphis v. Civil Serv. Comm'n*, 216 S.W.3d 311, 316 (Tenn., 2007) (quoting *Jackson Mobilphone Co. v. Tenn. Pub. Serv. Comm'n*, 876 S.W.2d 106, 110–11 (Tenn. Ct. App. 1993))). We will take into account evidence in the record that fairly detracts from the weight of the evidence, but will not substitute our own judgment on questions of fact or re-weigh the evidence. *Id*. (citing see Tenn. Code Ann. § 4–5–322 (h)(5)(B)). Additionally, we afford great weight to an agency's determinations regarding the credibility of witnesses who appear before it. *Id*. (citation omitted). We will not reverse an administrative decision on the basis that the evidence could also support another result. *Id*. (citation omitted). Rather, we will reverse an agency's determination "only if a reasonable person would necessarily arrive at a different conclusion based on the evidence." *Id*.

### *Discussion*

In the present appeal, Mr. Barrom does not argue that the Department's determination that he violated DR-104 by conduct unbecoming an officer is not supported by substantial and material evidence. Rather, he asserts that the Department's decision to terminate his employment should be reversed on the grounds that the Department applied the disciplinary rules inconsistently. Mr. Barrom asserts that other police officers who were disciplined for acts similar to those for which he was disciplined were not terminated, but were disciplined less harshly. He contends that the trial court erred by denying his motion for leave to present additional evidence to support this contention and by refusing to consider his equal protection argument.

We first address the trial court's order with respect to Mr. Barrom's equal protection assertion. That portion of the court's order addressing Mr. Barrom's equal protection claim states, in its entirety:

> Additionally, Petitioner raised a constitutional equal protection argument which this [c]ourt declined to consider.

The trial court provided no basis for its decision to decline to consider Mr. Barrom's equal protection claim.

In their briefs, the parties present opposing arguments with respect to whether Mr. Barrom could present his equal protection claim for the first time on appeal to the chancery court. Both parties rely on *Richardson v. Tennessee Board of Dentistry*, 913 S.W.2d 446 (Tenn. 1995) in support of their arguments. Upon review of the transcript of the proceedings before the Commission, however, we are satisfied that Mr. Barron substantively asserted his equal protection claim during the course of the January 23, 2009, hearing, by calling Kam Wong (Mr. Wong) to testify concerning disciplinary action taken against him for his involvement in a physical altercation. The Department objected to Mr. Wong's testimony based on the length of time that had transpired since the altercation involving Mr. Wong, although counsel for Mr. Barrom asserted that the case remained open. The Commission Chairman stated that the incident was "remote, and . . . not a similar set of facts[.]"

We observe, however, that Mr. Barrom was not permitted to question Mr. Wong with respect to his alleged conduct, the circumstances surrounding it, or the disciplinary action taken by the Department in response. Further, other than establishing that the alleged conduct occurred some twelve years prior to the 2009 hearing, the Commission permitted little questioning with respect to the charges against Mr. Wong. It is therefore impossible to determine the basis for the Commission's conclusion that Mr. Wong's acts were not "similar." We note, moreover, that although Mr. Wong's alleged conduct occurred in 1997, approximately twelve years before the 2009 hearing, it occurred within four years of the 2001 conduct for which Mr. Barrom was terminated.

In its February 23, 2009, decision to terminate Mr. Barrom's employment, the Commission determined that

> because of Barrom's conduct at the scene, his attempts to resolve an alleged dispute that his wife had apparently just had with the [p]arking [l]ot attendant, had unnecessarily escalated out of control, that Barrom had physically assaulted the [p]arking [l]ot attendant in the presence of a crowd of onlookers, and that numerous MPD officers and citizens had become involved as responding law enforcement officers and as witnesses to the incident.

The Commission unanimously concluded that Mr. Barrom's conduct had been unprofessional and inappropriate, and that it reflected negatively on the police department. There is substantial and material evidence in the record to support this determination.

The Commission did not, however, address Mr. Barrom's assertion that Mr. Wong had received disparate treatment for similar conduct. Rather, as noted, it disallowed questioning of Mr. Wong. Thus, although not fully adjudicated, Mr. Barrom's equal protection claim arising out of alleged disparate treatment for a similar defense was raised substantively in the

-5-

proceedings before the Commission. The Commission, however, declined to address Mr. Barrom's assertion in its decision.

We next turn to the trial court's order denying Mr. Barrom's motion for leave to present additional evidence with respect to his equal protection claim. The UAPA provides, in relevant part:

> (e) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings or decisions with the reviewing court.

Tennessee Code Annotated § 4-5-322(e)(2011).

In its February 2011 order denying Mr. Barrom's motion, the trial court stated:

> This Court, having considered the parties' submissions, is of the opinion that the additional evidence sought to be presented by Petitioner is not material and, therefore, Petitioner's Motion for Leave to Present Additional Evidence is not well-taken and should be denied.

The trial court provided no reasoning for its determination and, as noted, declined to address Mr. Barrom's equal protection claim for an unspecified reason.

The Commission asserts Mr. Barrom has failed to come forward with any particular facts with respect to any particular officer to support his allegations of disparate conduct. However, although we agree with the Commission that Mr. Barrom's motion is less than artfully worded, we observe that Mr. Barrom has not been provided with an opportunity to present his claim of disparate treatment. He was precluded from doing so by the Commission when he attempted to question Mr. Wong. The Commission disallowed Mr. Wong's testimony for no reason than that it was "remote" from the date of the hearing. The hearing, however, occurred some eight years after the incident for which Mr. Barrom was disciplined.

We finally note that the trial court made no findings of fact in this matter as required by Tenn. Code Ann. § 4-5-322(j)(2011). The trial court also provided neither factual basis nor legal conclusion in support of its decision to "decline to consider" Mr. Barrom's equal protection claim. We find, however, that Mr. Barrom sufficiently asserted an equal

protection claim when he asserted disparate application of the disciplinary rules at the February 2009 hearing before the Commission. Thus, we vacate the trial court's order "declining to consider" Mr. Barrom's equal protection claim.

### *Holding*

Mr. Barrom has not appealed the trial court's order sustaining the Commission's decision that he violated DR-104. The trial court's judgment with respect to that issue is affirmed. In light of the foregoing, the judgment of the trial court with respect to Mr. Barrom's equal protection claim is vacated. This matter is remanded for further proceedings limited to Mr. Barrom's claim that his equal protection rights were violated by the Department's disparate application of the disciplinary rules. Costs of this appeal are taxed to the Appellee, City of Memphis Civil Service Commission.

_____
DAVID R. FARMER, JUDGE